M’Girk, C. J.,
delivered the opinion of the Court,
This case was an action of debt, originally brought before a Justice of the Peace, by Weed against Kennerly and one Rector, who has since died; his death suggested on the record, and then proceedings, as to him, stop. Judgment was rendered before the Justice for the plaintiff. An appeal was taken to the Circuit Court, and judgment there rendered against Kennerly, the defendant in that Court, and the cause is brought up by writ of error. This suit was commenced before the Justice under an act of the Legislature, since repealed. That act directs the summons to issue in the following form: “ To the Constable of-township, in the county of-, greeting: Summons C. X). to appear before me, a Justice of the Peace, on the-day of-, at the dwelling house of-, &c., to answer unto A. B., in an action on (bond, bill, note, book account, or promise, as the case may be,) &c.”
The summons in this case is to answer unto the plaintiff, on a note. When the cause came on to be tried in the Circuit Court, the plaintiff offered in evidence a bond, in the following words, to wit: “ Twenty days after date, I promise to pay Edmund Weed, or order, the sum of fourteen dollars and seventy-five cents, for value received, as witness my hand and seal, this 18th November, 1823, Charles Lockhart, (seal;) for Stephen Rector and George H. Kennerly.” The defendant’s *481 counsel objected to this bond being given in evidence, on the ground, that said bond was not the bond of Rector and Kennerly ; and secondly, that if it purported to be the bond of Rector and Kennerly, the authority of Lockhart to make such an instrument of writing must have been shown, before it could be read in evidence; which objections were overruled, and the bond went in evidence.
The plaintiff in error insists, that this case is like the case of Wahrendorif against Whitaker et al., decided by this Court; and the defendant thinks it may be likened to the case of Labeaumo v. Labeaume, decided also by this Court. We think this cannot be decided by either of these cases. This has no near likeness to any case heretofore decided. It is, with respect to other proceedings in Courts of record, sui generis.
It is contended by the defendant’s counsel, that because the defendant has not denied the execution of this bond, by a plea supported by affidavit, that, under the statute, he admits the execution of the same. It is indeed, in general, true, that when a suit is brought on a note, purporting to be signed by a party, that if he does not deny the same, by plea and oath, it is to go in evidence against him. The statute says so, and it must be so. But this is a case originally before a Justice of the Peace and the whole proceeding is of a peculiar nature. In the first place, there is no declaration, and when it gets into the Circuit Court, it is to be tried de novo. Hence, there is no declaration. In the Circuit Court, in this case, the summons says, the action is founded on a note, and does not say on a bond, as the truth seems to be; and on the trial, a bond is produced, but not the bond of the party, but the bond of a third person; for this is clearly the bond of Lockhart, and not of Kennerly ; and it is agreed, that this is evidence to support the summons, which goes for a debt due by a note made by Kennerly. Here is a great and material variance between the summons and tile evidence to support it; and the question is, how shall the defendant avail himself of this variance ? If it were a suit in the Circuit Court, the defendant would crave oyer, and demur for the variance. But after this, the bond would be no longer in Court. But in casos before a justice of the Peace, no such step can be taken. The defendant has no right nor opportunity to see the bond, till the trial is gone into, and then he must bo allowed to object for variance, otherwise, he loses important advantages. On these trials before a Justice, the note or bond must be produced, and it must answer, in substance, to that mentioned in the summons ; and when it does do so, it will be read in evidence, unless, indeed, the defendant will declare, ore feiww, tliat it is not his deed, and will swear to the fact; and Justices would do well to commit this oath to writing, whereby peijury may be more easily proved.
In this case, we consider the objection is well taken, and in due time.
The judgment of the Circuit Court is reversed, with costs.